# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2048

_____

| | | |
|---|---|---|
| Gary M. Lane, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Sarpy County, a body corporate, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| Patricia J. Bramhall, individually | * | |
| and in her official capacity as a | * | |
| deputy county attorney for Sarpy | * | |
| County; Marcy Tague, individually | * | |
| and in her official capacity as an | * | Appeal from the United States |
| employee and agent of Sarpy County, | * | District Court for the |
| | * | District of Nebraska |
| Appellees. | * | |
| | * | |
| Larry Hellwig, individually and in his | * | |
| official capacity as a Sarpy County | * | |
| Deputy Sheriff; Michael A. Tobey, | * | |
| individually, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| Michael L. Munch, individually and | * | |
| in his official capacity as County | * | |
| Attorney for Sarpy County, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 20, 1998

Filed:  January 13, 1999
_____

Before McMILLIAN, WOLLMAN and HANSEN, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

Gary M. Lane (plaintiff) appeals from a final judgment entered in the United States District Court[1] for the District of Nebraska dismissing his constitutional claims brought pursuant to 42 U.S.C. § 1983 against Sarpy County, Nebraska, and various officials and employees of Sarpy County (collectively defendants).  Lane v. Sarpy County, No. 8:CV97-00013 (D. Neb. Mar. 24, 1998) (order and judgment); id. (Mar. 24, 1998) (memorandum opinion); id. (Oct. 29, 1997) (memorandum and order). For reversal, Lane argues that the district court erred in holding that qualified immunity protects defendants from § 1983 liability for errors made in the preparation and execution of an arrest warrant intended for another "Gary M. Lane."  For reasons stated below, we affirm.

Jurisdiction in the district court was proper based upon 28 U.S.C. §§ 1331, 1343. Jurisdiction in this court is proper based upon 28 U.S.C. § 1291.  The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

As indicated above, this is a case of mistaken identity.  It is undisputed in the present case that defendants mistakenly arrested and detained plaintiff for

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

-2-

approximately six hours, believing him to be a different individual with the same name. As a result, plaintiff brought this action alleging, among other things, that defendants violated his constitutional rights under the Fourth and Fourteenth Amendments. Thereafter, defendants filed motions for summary judgment and to dismiss the complaint.

In granting defendants' motions for summary judgment, the district court noted that negligent conduct does not give rise to a due process claim pursuant to § 1983. Lane v. Sarpy County (Mar. 24, 1998) (memorandum opinion), slip op. at 2 (citing Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property.")). The district court held in the present case that it is beyond genuine dispute that the conduct of each of the defendants was at most negligent and did not rise to the level of recklessness; consequently, plaintiff could not establish a due process violation under the Fourteenth Amendment. Id. at 2-3 ("While Munch may have been negligent in failing to discover the discrepancy in the file, the evidence does not support plaintiff's claim that Munch was reckless."); id. (Oct. 29, 1997), slip op. at 19-20 ("The evidence shows no more than the individual who prepared the warrant mistakenly included plaintiff's driver's license number, birth date, and physical description."). The district court also opined that, "even if the alleged false statements were removed from the affidavit, the remaining evidence would be sufficient to support a finding of probable cause to issue the warrant. Thus, plaintiff has failed to establish a violation of his Fourth Amendment rights based on the precepts of [Franks v. Delaware, 438 U.S. 154 (1978)]." Id. at 20.

We agree with the district court that plaintiff cannot establish a constitutional violation, even when the evidence is viewed in the light most favorable to plaintiff and all reasonable inferences are resolved in his favor. See, e.g., Baker v. McCollan, 443 U.S. 137, 145-46 (1979) (law enforcement officers executing arrest warrants are not

constitutionally required to investigate independently every claim of innocence, including claims of mistaken identity). Because plaintiff cannot establish a constitutional violation, defendants are entitled to summary judgment based on qualified immunity.

In sum, we conclude upon careful review that the district court's analysis of this case is correct. In our opinion, no further discussion is necessary. The judgment of the district court is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.